IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:19-cr-442-ECM |
| | ) | (WO) |
| DERRICK DEMOND JOHNSON | ) | |

**MEMORANDUM OPINION and ORDER**

Defendant Derrick Demond Johnson ("Johnson") was charged on October 29, 2019, in a three count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).

On December 26, 2019, Johnson filed a motion to suppress all "physical and testimonial items recovered as a result of the unlawful seizure and search conducted" on May 15, 2019. (Doc. 17 at 2). Claiming that the officer had no "articulable reason suspicion to seize" him, Johnson contends that all evidence seized and statements made should be suppressed because the traffic stop violated the Fourth Amendment to the United States Constitution. After an evidentiary hearing, the Magistrate Judge recommended the Court deny the motion to suppress. (Doc. 32). On April 24, 2020, Johnson filed objections to the Report and Recommendation of the Magistrate Judge. (Doc. 35). Upon an independent and de novo review of the record, including a review of the transcript of the hearing before the Magistrate Judge, and for the reasons which follow, the Court

concludes that the Defendant's objections are due to be OVERRULED and the motion to suppress is due to be DENIED

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions of the Recommendation *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3).

*De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). "[A]lthough *de novo* review does not require a new hearing of witness testimony, *United States v. Raddatz,* 447 U.S. 667, 675–76, 100 S.Ct. 2406, 2412–13, 65 L.Ed.2d 424 (1980), it does require independent consideration of factual issues based on the record." *Id.* If the Magistrate Judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.* In this case, the Court reviewed the transcript of the suppression hearing and viewed the body cam video in its entirety.

## DISCUSSION

On May 15, 2019, State Trooper Hunter Odom ("Odom") encountered the Defendant during a traffic stop. (Doc. 31, Supp. Hrg Tr. at 7). Odom noticed a red sedan which passed his vehicle without displaying a tag. (*Id.*) When he turned his vehicle

2

around to initiate a traffic stop, he "noticed a male who turned out to be Mr. Johnson walking in the middle of the roadway back eastbound towards [him]." (*Id.*). Odom testified unequivocally that Johnson was walking down the middle of the road, which is a violation of Alabama's traffic laws. (*Id.*). As soon as Odom approached Johnson, he "noticed a strong odor of . . . marijuana coming from him." (*Id.* at 8). Odom then conducted a safety search and found a handgun and individual bags of marijuana in Johnson's pants. (*Id.* at 8-9). Once Odom found the handgun, he placed Johnson in handcuffs and detained him. (*Id.* at 8).

The Defendant first objects to the Magistrate Judge's credibility findings, arguing that "[w]hile Trooper Odom may be credible, his testimony regarding what he witnessed just before he stopped Mr. Johnson is not." (Doc. 35 at 3). Johnson challenges the Magistrate Judge's factual finding that Odom observed Johnson walking in the middle of the road. (*Id.*) According to Johnson, Odom's testimony at the evidentiary hearing was the first time Odom said Johnson was in the middle of the road. (*Id.* at 5).

When accepting a Magistrate Judge's credibility findings, the district court must review the transcript or listen to a recording of the proceedings. *Jeffrey S.*, 896 F.2d at 513. The Court is not required to rehear the testimony. *United States v. Powell*, 628 F.3d 1254, 1257 (11th Cir. 2010). The Court has carefully reviewed the transcript from the evidentiary hearing as well as the body cam video admitted into evidence at the evidentiary hearing. The Court finds no basis to disturb the Magistrate Judge's credibility findings that Johnson was walking in the middle of the road when Odom approached him. In

3

addition to Odom's testimony, the Uniform Arrest Report, admitted into evidence and dated May 15, 2019, specifically references that the Defendant was in the middle of the road: "The red sedan then went around a curve and dropped off the subject in the middle of the roadway before taking off again. Trooper H. Odom then stopped and made contact with the subject walking in the roadway." (Doc. 31, Supp. Hrg Tr., Def's Ex. 1 at 2). While Johnson has pointed to some inconsistencies in Odom's language, upon *de novo* review, the Court concludes that the Magistrate Judge's credibility determination regarding Odom is supported by his testimony, and the Magistrate Judge's factual findings support her legal conclusion that Johnson was violating Ala. Code § 32-5A-215(c).[1] Johnson's objection to the Magistrate Judge's factual findings is due to be overruled.

The Court now turns to the crux of Johnson's objections. Johnson alleges that Odom's initial seizure of him violated the Fourth Amendment because Odom lacked reasonable suspicion to stop Johnson because Johnson was not violating any traffic laws. According to Johnson, because he "was not walking in the middle of the roadway," Odom had no reasonable, articulable suspicion that he was committing a crime. (Doc. 35 at 10).

The Fourth Amendment's protections extend to "brief investigatory stops of persons or vehicles." *United States v. Arvizu*, 534 U.S. 266, 273 (2002). Absent probable cause, law enforcement officials may briefly detain a person as part of an investigatory stop if they have a reasonable, articulable suspicion based on objective facts that the person has

---

[1] Ala. Code § 32-5A-215(c) provides as follows: "Where neither a sidewalk nor a shoulder is available any pedestrian walking along and upon a highway shall walk as near as practicable to an outside edge of the roadway, and if on a two-way roadway, shall walk only on the left side of the roadway."

4

engaged in criminal activity. *Terry v. Ohio*, 392 U.S. 1 (1968); *United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1220 (11th Cir. 1993). The reasonable suspicion required for a *Terry* stop is more than a hunch, and considering the totality of the circumstances, must be supported by some minimal level of objective justification that the person was engaged in unlawful conduct. *United States v. Sokolow*, 490 U.S. 1, 7-8 (1989).

In this case, Odom stopped Johnson only after suspecting that Johnson was violating state law by walking in the roadway. Reasonable suspicion "does not require officers to catch the suspect in a crime. Instead, '[a] reasonable suspicion of criminal activity may be formed by observing exclusively legal activity.'" *United States v. Acosta*, 363 F.3d 1141, 1145 (11th Cir. 2004) (quoting *United States v. Gordon*, 231 F.3d 750, 754 (11th Cir. 2000)). When Odom approached Johnson and smelled the odor of marijuana, he then had probable cause to arrest Johnson. *See United States v. Tobin*, 923 F.2d 1506, 1512 (11th Cir. 1991) (en banc). Thus, the Court concludes Johnson's objections to the Recommendation are due to be overruled.

## CONCLUSION

For these reasons as stated, the Court concludes the Defendant's motion to suppress is due to be denied. Accordingly, it is

ORDERED as follows that:

1. the Defendant's objections (doc. 35) are OVERRULED;

2. the Recommendation of the Magistrate Judge (doc. 32) is ADOPTED; and

3.  the Defendant's motion to suppress (doc. 17) is DENIED.

Done this 27th day of May, 2020.

                                              /s/Emily C. Marks
                                        EMILY C. MARKS
                                        CHIEF UNITED STATES DISTRICT JUDGE